I agree with the majority opinion in this case that the exception was improperly sustained *Page 340 
on the application of the fellow servant doctrine.
I am, however, of the opinion that the exception was properly sustained on the ground and for the reason that plaintiff's cause of action, if any he had, was exclusively one under Act 20 of 1914, with amendments, the Workmen's Compensation Statute of Louisiana, in that plaintiff, at the time of the alleged accident, was engaged in the scope and course of his employment by the Louisiana Highway Commission, now the Department of Highways.
It is conceded by the majority opinion that the Statutes granting the right to sue the State to an individual do nothing more than to remove the bar which stands between the individual and the State in so far as suing the State is concerned, and that all that is granted by such statute is the right to sue the State as an ordinary person, subject to all rights of defense in law and in fact. To state that Act 341 of 1944 granted to plaintiff a cause of action in tort against the Highway Commission (Highway Department), when he had none is beyond my comprehension and understanding.
To state in the majority opinion that the members of the Legislature were presumed to have had knowledge of all the facts in plaintiff's case is an assumption not borne out by the Act or by the pleadings in this case. There is absolutely nothing in the Act to put the Legislature on guard that, at the time of the accident plaintiff was an employee of the Highway Commission and was injured while in the course and scope of his employment by a fellow employee. In fact, it took an exception of vagueness to bring out the fact to the Court that plaintiff was an employee of the Highway Department, whilst engaged in the course and scope of his employment, when he was injured by the negligence of his fellow employee. If he attempted to hide this fact from the Court, it stands to reason that he hid such fact from the Legislature. My experience in the Legislature leads me to say that the members of the Legislature are not informed of the facts in any given case, they being given the mere fact that the individual desires to sue the State or its political subdivision for any specific cause of action, desiring that the Legislature lay down the barrier, and allowing the Court to determine whether the individual has a cause of action, both in law and in fact. This is the proper procedure in that under our form of government there are three independent branches, namely, the Executive, the Legislative and the Judiciary. It is the Judiciary's function to determine whether or not an individual has a cause of action, both in fact and in law, against the State or its political subdivitions rather than the Legislature.
In the majority opinion, it is stated that: "We observe that in most of the recent statutes authorizing parties to institute suits against the State for damages, the accident which gave rise to the cause of action, like the one in this case, occurred several years prior to the enactment of the statute, and invariably in all of these statutes there is a provision to the effect that the State is barred from filing a plea of prescription. We make this point to stress the power and the authority of the Legislature in enacting such statutes and if, as is not disputed, it has the right to change or suspend the law relative to prescription, it would seem to us that it would also have the right to change the nature of his remedy from one form of action to another." My observation is that in all cases wherein the plaintiff was authorized to bring a suit in tort against the Highway Commission (Department of Highways), it was a suit wherein a third person was seeking damages against the Highway Commission (Department of Highways) resulting from the alleged negligence of the employees of the Highway Commission. I may add further that had the Legislature desired to change the nature of plaintiff's remedy from one form of action to another or suspend the law relative to making the Compensation Statute, Act 20 of 1914, with amendments, an exclusive remedy, it would have so provided as it did with the plea of prescription. I cannot subscribe to the statement that the act under consideration changed the "nature of his remedy from one form of action to another," there being nothing contained in the Act to justify such a conclusion.
I am therefore of the opinion that Act 341 of 1944 only granted the plaintiff the right to sue the Department of Highways, but in no wise changed his cause of action, which was under the Compensation Statute. I respectfully dissent. *Page 341